IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION   MDL No. 2326

---

THIS DOCUMENT RELATES TO

*Harshman v. Boston Scientific Corporation et al*   Civil Action No. 2:15-cv-14828

## MEMORANDUM OPINION & ORDER

Pending before the court is the Defendant's Motion to Dismiss with Prejudice [ECF No. 7] filed by Boston Scientific Corporation ("BSC"). The plaintiff has responded to the Motion. [ECF No. 10]. Thus, this matter is ripe for my review. For the reasons stated below, the Motion is **DENIED**.

I.  Background

The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the six remaining active MDLs, there are more than 19,000 cases currently pending, approximately 3800 of which are in the BSC MDL, MDL 2326.

In an effort to efficiently and effectively manage this MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the

appropriate district for trial. To this end, the court placed this and other cases in BSC Wave 4. Pretrial Order ("PTO") # 175 [ECF No. 4955], *In re Bos. Sci. Corp., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326, http://www.wvsd.uscourts.gov/MDL/boston/orders.html.

Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 175, for example, provides that each plaintiff in Wave 4 must submit a completed Plaintiff Fact Sheet ("PFS") to defendants by March 19, 2018. PTO # 175, at 2. The plaintiff, however, did not comply with PTO # 175 in that she failed to submit a completed PFS within the court-ordered deadline. On this basis, BSC now seeks dismissal of the plaintiff's case with prejudice.

II. Discussion

Pursuant to PTO # 175, each plaintiff in Wave 4 was ordered to complete and serve a PFS on defendants by March 19, 2018. PTO # 175, at 2. According to BSC, the plaintiff failed to submit a completed PFS within the court-ordered deadline. Accordingly, pursuant to PTO # 175, BSC filed this Motion to Dismiss on April 16, 2018.

In response, the plaintiff concedes that she did not file the PFS by March 19, 2018. This is because plaintiff's counsel was under the mistaken impression that this case was included in a settlement agreement with BSC. When plaintiff's counsel learned that this case was not included in the settlement agreement with BSC,

plaintiff's counsel served the completed PFS on BSC, approximately one month after the March 19, 2018 deadline. Under these circumstances, I **FIND** that the imposition of sanctions as requested by BSC is unwarranted in this case.

### III. Conclusion

It is **ORDERED** that the Defendant's Motion to Dismiss with Prejudice [ECF No. 7] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 22, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE